IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

---

**CONRAD D. COTTINGHAM, JR., a minor,**
**by his legal and general guardians, Conrad D.**
**Cottingham, Sr. and Tyronza Cottingham,**

    Plaintiff,

v.                                               Case No. 16-cv-1560

**CITY OF RACINE, RACINE UNIFIED**
**SCHOOL DISTRICT, BRINELLE A. NABORS,**
**in his individual capacity, and JEROME D. KING,**
**in his individual capacity,**

    Defendants.

---

## COMPLAINT

---

**NOW COMES** plaintiff Conrad D. Cottingham, Jr., by his attorney, Amy F. Scarr, and as and for a cause of action against the above-named defendants, alleges and shows the court as follows:

### Nature of the Case

1. This is a civil action, pursuant to 42 U.S.C. sec. 1983, for redress of the deprivation, under color of state law, of Conrad D. Cottingham, Jr.'s rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

### Jurisdiction and Venue

2. This court has jurisdiction under 28 U.S.C. secs. 1331 and 1343(a)(3).

3. Venue in the Eastern District of Wisconsin is proper under 28 U.S.C. 1391(b).

## Parties

4. Plaintiff Conrad D. Cottingham, Jr. ("Cottingham") is a minor resident of the State of Wisconsin residing at 1305 Chatham St., Racine, Wisconsin. His general and legal guardians are his parents, Conrad D. Cottingham, Sr. ("Conrad Cottingham, Sr.") and Tyronza Cottingham.

5. Defendant City of Racine is a municipality duly incorporated, organized, and existing under the laws of the State of Wisconsin. The Racine Police Department is an agency of the City of Racine.

6. Defendant Racine Unified School District ("School District") is a school district duly incorporated under the laws of the State of Wisconsin. Upon information and belief, the School District's Board of Education has the possession, care, control, and management of the property and affairs of the School District. Upon information and belief, at all times relevant to this Complaint, Washington Park High School, located at 1901 12th St., Racine, Wisconsin, was a public school in the School District and was under the management, control, and supervision of the School District's Board of Education.

7. Upon information and belief, defendant Brinelle A. Nabors ("Nabors") is an adult resident of the State of Wisconsin residing at 9331 Millstone Dr., Mt. Pleasant, Wisconsin. At all times relevant to this Complaint, including during the November 20, 2015 incident described below, Nabors was a City of Racine police officer, was acting within the scope of his authority as a City of Racine police officer, and, upon information and belief, was acting within the scope of his employment as a City of Racine police officer. During the November 20, 2015 incident described below, Nabors was working in an off-duty capacity as a security officer for defendant School District, was acting within the scope of his authority and within the scope of his employment as a School District security officer, and was subject to the same City of Racine

Police Department rules and procedures as an on-duty City of Racine police officer. He is being sued in his individual capacity.

8. Upon information and belief, defendant Jerome D. King ("King") is an adult resident of the State of Wisconsin residing at 512 Augusta St., Racine, Wisconsin. At all times relevant to this Complaint, including during the November 20, 2015 incident described below, King was a City of Racine police officer, was acting within the scope of his authority as a City of Racine police officer, and, upon information and belief, was acting within the scope of his employment as a City of Racine police officer. During the November 20, 2015 incident described below, King was working in an off-duty capacity as a security officer for defendant School District, was acting within the scope of his authority and within the scope of his employment as a School District security officer, and was subject to the same City of Racine Police Department rules and procedures as an on-duty City of Racine police officer. He is being sued in his individual capacity.

**General Allegations**

9. At the time of the November 20, 2015 incident described below, plaintiff Cottingham was 14 years old and a student at Washington Park High School in Racine, Wisconsin.

10. At about 10:10 a.m. on November 20, 2015, Cottingham was in the Washington Park High School cafeteria with other students during a lunch period on a school day.

11. Cottingham saw a school staff person in the cafeteria motion to him to come over to her, and he started to walk to where she was.

12. While walking to the school staff person, Cottingham threw a plastic bottle in a garbage can. The bottle contained a small amount of reddish purple colored juice.

13. Upon information and belief, a school staff person took the plastic bottle out of the garbage can and gave it to defendant King. The bottle still contained the reddish purple colored juice.

14. Shortly after Cottingham threw away the bottle and continued walking, defendant Nabors approached Cottingham and told him to put his hands behind his back and that he was under arrest.

15. Cottingham asked Nabors why he was under arrest. Nabors did not tell him.

16. Nabors slammed Cottingham to the floor, and Cottingham's head hit the floor. Nabors got on top of Cottingham, choked him, and handled him roughly.

17. King went to where Nabors and Cottingham were and put handcuffs on Cottingham.

18. Nabors and King escorted Cottingham out of the cafeteria and down several school hallways to school principal Victor Nwagbaraocha's ("Nwagbaraocha") office.

19. At one point while Nabors and King were escorting Cottingham to the principal's office, Nabors punched Cottingham in the face.

20. Within a few seconds after Nabors punched Cottingham in the face, Nabors slammed Cottingham into a wall of lockers two or more times.

21. After Nabors slammed Cottingham into the wall of lockers the first time, King did not intervene to stop Nabors from again slamming Cottingham into the wall of lockers.

22. After Nabors stopped slamming Cottingham into the wall of lockers, Nabors and King walked Cottingham to the principal's office, where they and principal Nwagbaraocha questioned Cottingham about the plastic bottle and its contents.

23. While in the principal's office, King, Nabors, and Nwagbaraocha smelled the substance in the plastic bottle.

4

24. Nabors telephoned Cottingham's father, Conrad Cottingham, Sr., and told him that Cottingham had "lean" in a bottle and had some misdemeanor charges. Conrad Cottingham, Sr. asked Nabors what he meant by "lean," and Nabors said that there was prescription medicine in the bottle. Nabors told him to come to the school or call the Racine juvenile detention center to see if and when he could pick up Cottingham.

25. Conrad Cottingham, Sr. and Tyronza Cottingham, Cottingham's parents, went to the school and met with Cottingham, Nabors, King, and Nwagbaraocha in the principal's office.

26. Cottingham's parents saw that Cottingham had a swollen jaw and dried blood on his face and in his ear, and his father asked Cottingham what happened. Cottingham said that Nabors had slammed him to the floor in the lunchroom, accused him of having "lean," and punched him. Cottingham's father asked why this had happened. Nabors said that Cottingham had tried to fight him and had threatened him. Nabors said that he did not hit Cottingham. King said that Cottingham was swearing and trying to fight and that Nabors was telling the truth. Nabors said that he was going to call in a charge of felony threatening an officer, which he did.

27. Nabors, King, and the principal told Cottingham's parents that the bottle's contents smelled like alcohol. Cottingham's parents smelled the liquid in the bottle and said that it did not smell like alcohol. Tyronza Cottingham said that it smelled like juice.

28. The principal suspended Cottingham from school for 5 days for possession and use of an alcoholic beverage in the school cafeteria.

29. Upon information and belief, Nabors or King contacted the Racine Police Department about transporting Cottingham to the police department. Upon information and belief, then two Racine Police Department officers were dispatched to the school. Two police officers arrived at the school, handcuffed Cottingham, put him in a police vehicle, and, upon information and

5

belief, took him to the police department where he was photographed and fingerprinted. Nabors told Cottingham's parents to call the Racine juvenile detention center to see when they could pick him up.

30. Upon information and belief, then Racine police officers took Cottingham, handcuffed, to the Racine juvenile detention center, where Cottingham was told that he was assigned a caseworker, that he would be under house arrest, and what his restrictions under house arrest would be.

31. Cottingham was charged with felony threatening to cause bodily harm to an officer, misdemeanor obstructing an officer, misdemeanor resisting an officer, and misdemeanor disorderly conduct.

32. As a result of the charges, Cottingham was subject to 24-hour supervision and home detention for about 3 weeks. During that time, Cottingham was allowed to leave home only under certain conditions, he was required to call his caseworker at certain times, and his caseworker made random visits to his home. After the 3 weeks, Cottingham still was required to check in with his caseworker at certain times.

33. On or about December 1, 2015, Cottingham was issued municipal citations for possession/consumption of alcohol, underage person on November 20, 2015; providing alcohol to underage person on November 20, 2015; and truancy on November 20, 2015.

34. On December 3, 2015, Cottingham's parents went to the Racine Police Department and, with Racine police officer Charles Weitzel ("Weitzel"), watched several Washington Park High School video recordings related to the November 20, 2015 incident. Upon information and belief, at that time Weitzel was a Lieutenant and worked in General Investigations or Internal Affairs in the Racine Police Department. Upon information and belief, in about September 2016

Weitzel was promoted to Deputy Chief of the Racine Police Department, and his duties include commanding the Professional Standards Division.

35. One of the video recordings that Cottingham's parents and Weitzel watched showed Nabors slamming Cottingham to the ground and choking him.

36. Another video recording that Cottingham's parents and Weitzel watched showed Nabors slamming a handcuffed Cottingham into a wall of lockers two or more times and King standing by watching Nabors do it.

37. While meeting with Weitzel, Conrad Cottingham, Sr. asked Weitzel if he could see the plastic bottle. Weitzel replied that the police department did not have it and that, if they kept all the evidence they got from the high schools, they would not have anywhere to keep it.

38. The next day, December 4, 2015, Cottingham's parents submitted to the Racine Police Department a Racine Police Department Citizen Complaint Form containing a complaint about Nabors' use of excessive force against Cottingham on November 20, 2015.

39. On or about December 10, 2015, Cottingham's parents filled out a Racine Unified School District Parent/Customer Complaint Form with a complaint about the November 20, 2015 incident and submitted the form to the School District.

40. On February 23, 2016, the Racine County Circuit Court dismissed the charges described in paragraph 31.

41. On or about March 1, 2016, the municipal citations described in paragraph 33 were dismissed.

42. Neither Nabors nor King had a warrant to arrest Cottingham.

43. Neither Nabors nor King nor the City of Racine nor the School District tested Cottingham with a breathalyzer or had any other kind of test done on Cottingham to determine if he had ingested alcohol or other intoxicants on November 20, 2015.

44. Upon information and belief, neither Nabors nor King nor the City of Racine nor the School District had the liquid in the plastic bottle analyzed or tested for alcohol or other intoxicants.

45. Upon information and belief, neither Nabors nor King preserved or inventoried the plastic bottle or the liquid it contained.

46. Upon information and belief, either Nabors or King or another City of Racine police officer threw away the plastic bottle and its liquid contents.

47. At no time during the November 20, 2015 incident was Cottingham actively resisting arrest.

48. At no time during the November 20, 2015 incident was Cottingham attempting to evade arrest by fleeing.

49. At no time during the November 20, 2015 incident was Cottingham carrying a weapon.

50. At no time during the November 20, 2015 incident did Cottingham pose an immediate threat to the safety of Nabors, King, or others.

51. Upon information and belief, during the November 20, 2015 incident, Nabors and King wore at least part of their Racine Police Department uniforms; carried guns, tasers, handcuffs, batons, and other law enforcement equipment on their persons; and wore badges indicating that they were police officers. During the incident of November 20, 2015, Nabors wore a jacket with "POLICE" imprinted on the back.

52. In January 2015, defendant City of Racine approved defendant King's application for part-time outside law enforcement related employment working in an off-duty capacity as a security officer in the School District's schools; Racine Police Department Supervisor Sergeant Walter Powell, Division Commander Lieutenant Mark Esch, and Chief of Police designee Lieutenant David J. Wohlgemuth signed King's application indicating approval of the application.

53. Sometime before the November 20, 2015 incident described above, defendant City of Racine approved defendant Nabors' part-time outside law enforcement related employment working in an off-duty capacity as a security officer in the School District's schools.

54. At all times material to this Complaint, defendant Nabors acted under color of state law.

55. At all times material to this Complaint, defendant King acted under color of state law.

**CLAIM 1: EXCESSIVE FORCE—Against Defendant Nabors (Violation of the Fourth and Fourteenth Amendments to the United States Constitution)**

56. Plaintiff realleges paragraphs 1 through 55 and incorporates them by reference as if specifically set forth in full herein.

57. In light of the facts and circumstances confronting defendant Nabors during the November 20, 2015 incident described above, Nabors' slamming Cottingham to the floor, getting on top of Cottingham and choking him, handling Cottingham roughly during the arrest, punching Cottingham in the face, and slamming Cottingham into a wall of lockers were not objectively reasonable under the Fourth Amendment to the United States Constitution.

58. Defendant Nabors' conduct summarized in paragraph 57 constituted unreasonable and excessive force and violated Cottingham's right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

59. Defendant Nabors' unreasonable and excessive force used against Cottingham caused Cottingham to sustain injuries and losses, which continue, including but not limited to physical pain and suffering, mental pain and suffering, humiliation, emotional distress, loss of dignity, loss of enjoyment of life, and medical expenses.

60. In using unreasonable and excessive force against Cottingham, defendant Nabors acted with malice or in reckless disregard of Cottingham's federally protected rights.

**CLAIM 2: FAILURE TO INTERVENE TO STOP EXCESSIVE FORCE—Against Defendant King (Violation of the Fourth and Fourteenth Amendments to the United States Constitution)**

61. Plaintiff realleges paragraphs 1 through 60 and incorporates them by reference as if specifically set forth in full herein.

62. Defendant King had reason to know that Nabors was using excessive force against Cottingham when Nabors slammed Cottingham into the wall of lockers the first time.

63. After the first time defendant Nabors slammed Cottingham into the wall of lockers, defendant King had a realistic opportunity to prevent Nabors from slamming Cottingham into the wall of lockers again.

64. Defendant King's failure to intervene to protect Cottingham from defendant Nabors' excessive force renders King liable for failing to protect Cottingham from Nabors' violation of Cottingham's right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

65. Defendant King's failure to intervene caused Cottingham to sustain injuries and losses, which continue, including but not limited to physical pain and suffering, mental pain and suffering, humiliation, emotional distress, loss of dignity, loss of enjoyment of life, and medical expenses.

10

66. In failing to intervene, defendant King acted with malice or in reckless disregard of Cottingham's federally protected rights.

**CLAIM 3: FALSE ARREST—Against Defendant Nabors (Violation of the Fourth and Fourteenth Amendments to the United States Constitution)**

67. Plaintiff realleges paragraphs 1 through 66 and incorporates them by reference as if specifically set forth in full herein.

68. In light of the facts and circumstances confronting defendant Nabors at the time he arrested Cottingham, he did not have probable cause to arrest Cottingham, and the arrest was not objectively reasonable under the Fourth Amendment to the United States Constitution.

69. Nabors' arrest of Cottingham without probable cause constituted a false arrest and violated Cottingham's right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

70. Nabors' false arrest of Cottingham caused Cottingham to sustain injuries and losses, which continue, including but not limited to mental pain and suffering, humiliation, emotional distress, loss of dignity, and loss of enjoyment of life.

71. In arresting Cottingham without probable cause, Nabors acted with malice or in reckless disregard of Cottingham's federally protected rights.

**CLAIM 4: <u>MONELL</u> CLAIM AGAINST DEFENDANT CITY OF RACINE (Policy, Practice, and/or Custom; Failure to Train and Supervise)**

72. Plaintiff realleges paragraphs 1 through 71 and incorporates them by reference as if specifically set forth in full herein.

73. Upon information and belief, defendant City of Racine did not investigate Cottingham's parents' excessive force complaint about Nabors that the parents submitted to the Racine Police Department on December 4, 2015 on a Citizen Complaint Form.

11

74. Upon information and belief, defendant City of Racine did not discipline Nabors for his use of excessive force against Cottingham or his false arrest of Cottingham.

75. Upon information and belief, defendant City of Racine did not discipline King for his failure to intervene to prevent Nabors from using excessive force against Cottingham.

76. Upon information and belief, defendant City of Racine failed to preserve evidence, specifically the plastic bottle and its contents.

77. Upon information and belief, in the criminal case against Cottingham for the charges described in paragraph 31, defendant City of Racine failed to produce to the Racine County District Attorney and Cottingham's criminal defense attorney the plastic bottle and its contents and the video showing Nabors slamming Cottingham into a wall of lockers two or more times and King standing by watching Nabors do it.

78. Upon information and belief, defendant Nabors acted within the written or unwritten policies, practices, and/or customs of the Racine Police Department, an agency of defendant City of Racine, when he used excessive force against Cottingham and when he arrested Cottingham without probable cause, as described hereinabove.

79. Upon information and belief, defendant King acted within the written or unwritten policies, practices, and/or customs of the Racine Police Department, an agency of defendant City of Racine, when he failed to intervene to prevent defendant Nabors from using excessive force against Cottingham, as described hereinabove.

80. Upon information and belief, defendant City of Racine failed to adequately train and supervise its police officers working as security officers in secondary schools, including Nabors and King, regarding the use of force against students, intervening to prevent a fellow officer from using excessive force, and probable cause for arrest.

81. Upon information and belief, in light of the foreseeable consequences to students of failing to adequately train and supervise police officers working as school security officers as described in paragraph 80, defendant City of Racine was deliberately indifferent to the rights of Cottingham and other students in Racine secondary schools by failing to adequately train and supervise its police officers working as school security officers, including Nabors and King.

82. Upon information and belief, defendant City of Racine's law enforcement policies, practices, and/or customs and its failure to adequately train and supervise its police officers working as school security officers, including Nabors and King, caused Nabors' and King's violations of Cottingham's constitutional right to be free from unreasonable seizures, in the form of excessive force, failure to intervene, and false arrest.

83. Upon information and belief, defendant City of Racine's law enforcement policies, practices, and/or customs and its failure to adequately train and supervise its police officers working as school security officers, including Nabors and King, caused Cottingham to sustain injuries and losses, which continue, including but not limited to physical pain and suffering, mental pain and suffering, humiliation, emotional distress, loss of dignity, loss of enjoyment of life, and medical expenses.

**CLAIM 5: MONELL CLAIM AGAINST DEFENDANT RACINE UNIFIED SCHOOL DISTRICT (Policy, Practice, and/or Custom; Failure to Train and Supervise)**

84. Plaintiff realleges paragraphs 1 through 83 and incorporates them by reference as if specifically set forth in full herein.

85. Upon information and belief, defendant School District did not investigate Cottingham's parents' complaint about the November 20, 2015 incident that the parents submitted to the School District on or about December 10, 2015 on a Racine Unified School District Parent/Customer Complaint Form.

86. Upon information and belief, defendant School District did not discipline Nabors for his use of excessive force against Cottingham or his false arrest of Cottingham.

87. Upon information and belief, defendant School District did not discipline King for his failure to intervene to prevent Nabors from using excessive force against Cottingham.

88. Upon information and belief, defendant School District failed to preserve evidence, specifically the plastic bottle and its contents and the video showing Nabors slamming Cottingham into a wall of lockers two or more times and King standing by watching Nabors do it.

89. Upon information and belief, when Nabors used excessive force against Cottingham and when he arrested Cottingham without probable cause, Nabors acted within the School District's written or unwritten policies, practices, and/or customs regarding investigating and responding to allegations of student misbehavior, use of force against students, corporal punishment, and disciplining students.

90. Upon information and belief, when King failed to intervene to prevent Nabors from using excessive force against Cottingham, King acted within the School District's written or unwritten policies, practices, and/or customs regarding investigating and responding to allegations of student misbehavior, use of force against students, corporal punishment, and disciplining students.

91. Upon information and belief, defendant School District failed to adequately train and supervise its security officers working in its secondary schools, including Nabors and King, regarding interacting with students, investigating and responding to allegations of student misbehavior, use of force against students, corporal punishment, and disciplining students.

92. Upon information and belief, in light of the foreseeable consequences to students of failing to adequately train and supervise its school security officers as described in paragraph 91, defendant School District was deliberately indifferent to the rights of Cottingham and other students in the School District's secondary schools by failing to adequately train and supervise its school security officers, including Nabors and King.

93. Upon information and belief, defendant School District's written or unwritten policies, practices, and/or customs regarding investigating and responding to allegations of student misbehavior, use of force against students, corporal punishment, and disciplining students and its failure to adequately train and supervise its school security officers, including Nabors and King, caused Nabors' and King's violations of Cottingham's constitutional right to be free from unreasonable seizures, in the form of excessive force, failure to intervene, and false arrest.

94. Upon information and belief, defendant School District's written or unwritten policies, practices, and/or customs regarding investigating and responding to allegations of student misbehavior, use of force against students, corporal punishment, and disciplining students and its failure to adequately train and supervise its school security officers, including Nabors and King, caused Cottingham to sustain injuries and losses, which continue, including but not limited to physical pain and suffering, mental pain and suffering, humiliation, emotional distress, loss of dignity, loss of enjoyment of life, and medical expenses.

**WHEREFORE,** plaintiff demands judgment against defendants City of Racine, Racine Unified School District, Brinelle A. Nabors, and Jerome D. King as follows:

    a. declaring that defendant Nabors violated Cottingham's constitutional rights by using excessive force against him and by falsely arresting him; that defendant

King violated Cottingham's constitutional rights by failing to intervene to prevent Nabors from using excessive force against him; that defendant City of Racine has liability for defendant Nabors' and defendant King's constitutional violations; and that defendant Racine Unified School District has liability for defendant Nabors' and defendant King's constitutional violations;

b. for compensatory damages against defendants City of Racine, Racine Unified School District, Nabors, and King, jointly and severally, in amounts to be proved at trial;

c. for punitive damages against defendants Nabors and King, in amounts to be proved at trial;

d. for attorney's fees and costs incurred in bringing this action, pursuant 42 U.S.C. sec. 1988(b); and

e. for such other relief as the court may deem just and equitable.

Dated this 21st day of November, 2016.

**A TWELVE-PERSON JURY IS HEREBY DEMANDED.**


    s/Amy F. Scarr
    Amy F. Scarr
    State Bar No. 1016179
    Attorney for Plaintiff
    Amy F. Scarr, S.C.
    23 N. Pinckney St., Suite 310
    Madison, Wisconsin 53703
    Telephone: (608) 255-6610
    Fax: (608) 255-6710
    Email: attorneyamyscarr@gmail.com