# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CONRAD D. COTTINGHAM, JR.,

                      Plaintiff,

v.

CITY OF RACINE, RACINE UNIFIED SCHOOL DISTRICT, BRINELLE A. NABORS, and JEROME D. KING,

                      Defendants.

Case No. 16-CV-1560-JPS

**ORDER**

On January 12, 2017, Plaintiff filed a motion to strike various portions of the answer filed by Defendants City of Racine, Brinelle A. Nabors, and Jerome D. King.[1] (Motion, Docket #15; Answer, Docket #10). Federal Rule of Civil Procedure 12(f) permits the Court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from any pleading. Fed. R. Civ. P. 12(f). Affirmative defenses will be subject to striking "only when they are insufficient on the face of the pleadings." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citation omitted). Motions to strike affirmative defenses "are not favored and will not be granted unless it appears to a certainty that [Plaintiff] would succeed despite any state of the facts which could be proved in support of the defense, and are inferable from the pleadings[.]" *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citations and quotations omitted). In considering Plaintiff's motion to strike, the Court views Defendants' answer in a light

---

[1] Those three defendants answered collectively, and Plaintiff takes no issue with the answer of the remaining defendant, Racine Unified School District.

most favorable to them. *McGinn v. J.B. Hunt Transport, Inc.*, No. 10-CV-610, 2010 WL 4363419 at *1 (E.D. Wis. Oct. 27, 2010) (citation omitted).

The parties' briefing reveals that many of the problematic allegations are no longer in dispute. Of those disagreements that remain, most are unimportant semantic quibbles better addressed in dispositive motions or at trial. Nevertheless, Defendants shall submit a revised answer in accordance with the current state of their admissions as revealed in the motion briefing. Thereafter, if Plaintiff has any further issues with the pleading, he may file another motion to strike on those narrower grounds. His instant motion will be denied without prejudice. The Court reminds him to be cognizant of the above-cited standards, particularly that such motions are disfavored, and that the motion should only be directed at issues which have a meaningful impact on this case. His instant motion did not assert any prejudice related to Defendants' allegedly improper pleading and the Court will not entertain complaints about the amended answer without such argument. *McGinn*, 2010 WL 4363419 at *1 ("[M]otions to strike will generally be denied unless the portion of the pleading at issue is prejudicial.").

Finally, the Court notes that most, if not all, of the issues presented by Plaintiff's motion could have been addressed by counsel simply communicating with each other. This would have obviated the need for the Court to referee what is apparently a largely illusory dispute. As the Court noted in the scheduling conference on January 31, 2017, it expects that the parties will *work together in a cooperative fashion* to prepare this matter for trial in October, and present to the Court only those material, intractable disagreements that hamper their progress in that vein. Most directly, the Court expects that any subsequent motion to strike will relate how and when

most favorable to them. *McGinn v. J.B. Hunt Transport, Inc.*, No. 10-CV-610, 2010 WL 4363419 at *1 (E.D. Wis. Oct. 27, 2010) (citation omitted).

The parties' briefing reveals that many of the problematic allegations are no longer in dispute. Of those disagreements that remain, most are unimportant semantic quibbles better addressed in dispositive motions or at trial. Nevertheless, Defendants shall submit a revised answer in accordance with the current state of their admissions as revealed in the motion briefing. Thereafter, if Plaintiff has any further issues with the pleading, he may file another motion to strike on those narrower grounds. His instant motion will be denied without prejudice. The Court reminds him to be cognizant of the above-cited standards, particularly that such motions are disfavored, and that the motion should only be directed at issues which have a meaningful impact on this case. His instant motion did not assert any prejudice related to Defendants' allegedly improper pleading and the Court will not entertain complaints about the amended answer without such argument. *McGinn*, 2010 WL 4363419 at *1 ("[M]otions to strike will generally be denied unless the portion of the pleading at issue is prejudicial.").

Finally, the Court notes that most, if not all, of the issues presented by Plaintiff's motion could have been addressed by counsel simply communicating with each other. This would have obviated the need for the Court to referee what is apparently a largely illusory dispute. As the Court noted in the scheduling conference on January 31, 2017, it expects that the parties will *work together in a cooperative fashion* to prepare this matter for trial in October, and present to the Court only those material, intractable disagreements that hamper their progress in that vein. Most directly, the Court expects that any subsequent motion to strike will relate how and when

the parties discussed the matter, similar to the procedure for discovery motions. *See* Civil L. R. 37.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to strike (Docket #15) be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that Defendants City of Racine, Brinelle A. Nabors, and Jerome D. King shall file an amended answer in accordance with the terms of this Order on or before **March 2, 2017**.

Dated at Milwaukee, Wisconsin, this 16th day of February, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge