# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CONRAD D. COTTINGHAM, JR., a minor, by his legal and general guardians, Conrad D. Cottingham, Sr. and Tyronza Cottingham,

                    Plaintiff,

v.

CITY OF RACINE, BRINELLE A. NABORS, and JEROME D. KING,

                      Defendants.

Case No. 16-CV-1560-JPS

**ORDER**

      The plaintiff in this case is a minor who sued the City of Racine and two Racine police officers, Brinelle A. Nabors and Jerome D. King, under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights for false arrest, use of excessive force, and failure to intervene.[1] (Docket #1). The parties participated in a mediation of the case which resulted in the plaintiff accepting the defendants' offer of settlement. *See* (Docket #49).

      Following the mediation, the plaintiff moved the Court for an order appointing a guardian ad litem to review the settlement and ensure that it conforms with the minor plaintiff's best interests. (Docket #50). The Court granted the motion and appointed a guardian ad litem for that purpose. (Docket #51). The guardian ad litem reviewed the settlement and

---

[1] The plaintiff also sued the Racine Unified School District, but that defendant was dismissed pursuant a stipulation under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Docket #42 and #43).

determined that it is reasonable, fair, and in the minor plaintiff's best interests. (Docket #57).

The plaintiff has now requested that the Court approve the minor settlement. (Docket #54). Because no federal or local rule of civil procedure requires the Court to approve (or disapprove) the minor settlement in this case, the Court declines to do so. *See Grintjes v. Dole Food Co.*, No. 06C997, 2007 WL 4300428, at *1 (E.D. Wis. Dec. 5, 2007) (in this district, parties do not need the court's approval to settle cases involving minors); *cf. Goesel v. Boley Int'l (H.K.) Ltd.*, 806 F.3d 414, 419 (7th Cir. 2015) (in a diversity case filed in the Northern District of Illinois alleging a state law claim, the district's local rule regarding minor settlements required judicial approval, and Illinois state law supplied the standard for the court's consideration of the settlement).

The settlement in this case, which provides that the plaintiff's attorney's fees and the guardian ad litem's fees will paid from the settlement proceeds, is a matter of contract between the parties. The motions for approval of the settlement, (Docket #54), and for a grant of fees to the guardian ad litem to be taken from the settlement proceeds, (Docket #58), will be denied as moot.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for approval of the settlement (Docket #54) and the guardian ad litem's motion for fees (Docket #58) be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that the parties file a stipulation of dismissal of this action within **5 days** of the entry of this Order.

Dated at Milwaukee, Wisconsin, this 25th day of January, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge